IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PACIFIC BOTANICALS, LLC,

        Plaintiff,

    v.

SEGO'S HERB FARM, LLC;
VICTOR OSZTROVICS D/B/A V.E.
GARDENS; ROGER SEGO; and
KATHLEEN SEGO,

        Defendants.

**Civ. No. 1:15-cv-00407-CL**

OPINION and ORDER

MCSHANE, Judge:

    Magistrate Judge Mark D. Clarke filed a Findings and Recommendation (ECF No. 87)

and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72.

After having reviewed the legal principles and the Defendants' Objections (ECF No. 93), I find

no error and conclude it is correct. *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir.

1998). For the following reasons, Judge Clarke's Findings and Recommendation is adopted in

its entirety, and Defendants' Motion for Summary Judgment is granted in part and denied in part.

1 – OPINION AND ORDER

## PROCEDURAL HISTORY

On September 6, 2016, the Defendants, Sego's Herb Pharm and Roger and Kathleen Sego, filed a Motion for Summary Judgment (ECF No. 70). On November 22, 2016, Judge Clarke heard oral arguments on the motions (ECF No. 86). On December 8, 2016, Judge Clarke filed a Findings and Recommendation (ECF No. 87), granting in part and denying in part the Defendants' Motion for Summary Judgment. On January 17, 2017, Defendants filed their Objections to Judge Clarke's Findings and Recommendation (ECF No. 93). On February 3, 2017, Plaintiff filed its Response to the Defendants' Objections (ECF No. 95).

In his Findings and Recommendation, Judge Clarke found that there were genuine issues of material fact as to all of Pac Bot's claims, except those against Kathleen Sego. Judge Clarke recommended that Plaintiff's Motion for Summary Judgment be granted with respect to claims against Kathleen Sego and denied for all other claims. (ECF No. 87).

## STANDARD OF REVIEW

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

2 – OPINION AND ORDER

## DISCUSSION

Plaintiff, Pacific Botanicals (Pac Bot), brings claims for breach of express and implied warranty, breach of contract, and fraud against Defendants, Sego's Herb Farm, LLC, Victor Osztrovics D/B/A V.E. Gardens, and Roger and Kathleen Sego. The claims arise out of a transaction between Pac Bot and Sego's Herb Farm for the purchase of ginseng that was later discovered to be tainted with DDE, a DDT derivative.

In their Objections to the Findings and Recommendation, Sego's Herb Farm and Roger Sego (the Sego Defendants) argue that Pac Bot's claims are preempted by the Federal Food, Drug, and Cosmetic Act (FDCA). The Sego Defendants also argue in their objections: (1) there was no express warranty that the ginseng was pesticide free, (2) the Sego Defendants did not have a duty to disclose a pesticide test performed by a third party customer to Pac Bot, (3) Pac Bot did not have a right to rely on the Sego Defendants' representation that the ginseng was pesticide free, (4) Pac Bot's claims are barred because the ginseng was substantially changed in condition, and (5) there was no breach of the implied warranty of fitness for a particular purpose because the Sego Defendants had no reason to know the particular purpose for which Pac Bot intended to use the ginseng.

The Sego Defendants' first argument, that Pac Bot's claims are preempted by the FDCA, fails for the same reason Judge Clarke found their Organic Foods Production Act (OFPA) argument failed. Pac Bot's claims are premised on the argument that the ginseng contained pesticide contrary to the agreement between the parties. (ECF No. 87 at pp. 9-10). Pac Bot is not suing because the Sego Defendants violated the FDCA and, as a result, is not attempting to enforce the FDCA. Rather, Pac Bot is attempting to enforce a contractual agreement between it and the Sego Defendants. In its Response to the Sego Defendants' Objections (ECF No. 95 at pp.

3 – OPINION AND ORDER

3-4), Pac Bot summarizes the precedent allowing recovery for claims related to conduct that violates the FDCA which states that "state law claims such as negligence, breach of implied warranty, and fraudulent misrepresentation are viable, even to the extent they seek recovery for conduct that may also have violated the FDCA." *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 193 F.3d 781, 791 (3rd Cir. 1999).

The Sego Defendants' other arguments in their objection also fail because, as Judge Clarke noted, a determination on these issues cannot be made without weighing the parties' evidence, which is improper at the summary judgment stage, and a reasonable jury could return a verdict for Pac Bot on its claims against the Sego Defendants.

# CONCLUSION

For these reasons, it is hereby ordered that Magistrate Judge Clarke's Findings and Recommendation (ECF No. 87) is ADOPTED IN ITS ENTIRETY. Defendants' Motion for Summary Judgement (ECF No. 70) is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

DATED this _26_ day of April, 2017.

 

 

**Michael J. McShane**
**United States District Judge**